UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KAREN HENSON-GIBSON, ON BEHALF OF HERSELF AND ALL OTHERS SIMILARLY SITUATED, | § § § § | |
| PLAINTIFF | § § | |
| v. | § § | CA NO. 4:17-cv-1654 |
| SPRING BRANCH SNF LLC, | § § § | |
| DEFENDANT | § | |

## PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW, Plaintiff Karen Henson-Gibson ("Plaintiff") on behalf of herself and all others similarly situated, and files this Original Collective Action Complaint against Spring Branch SNF LLC ("Defendant") and in support thereof would show as follows:

### I. PRELIMINARY STATEMENT

1.1 This is a collective action for failure to pay overtime compensation brought pursuant to the Fair Labor Standards Act ("FLSA") and for damages under a common law claim for *quantum meruit*. Defendant operates a nursing home in Houston, Texas, known as Spring Branch Transitional Care Center. Plaintiff was employed by Defendant as a non-exempt, Licensed Vocational Nurse, and was paid on an hourly basis. Through its timekeeping system, Defendant would automatically dock thirty minutes of time per day from Plaintiff's time, ostensibly for lunch, even though Plaintiff consistently worked through lunch. This illegal policy was not limited to just Plaintiff; it was applied to all of Defendant's hourly nurses. Additionally, Defendant knew its nurses, including Plaintiff, would often work off-the-clock after their shift had ended, but

Defendant made no attempt to compensate its nurses for any of this off-the-clock work.

1.2	Plaintiff, on behalf of herself and all others similarly situated employed by Defendant as hourly nurses, brings this collective action to recover unpaid regular (non-overtime) wages, unpaid overtime wages, liquidated damages, attorney's fees, litigation costs, costs of court, and pre-judgment and post-judgment interest under the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*. ("FLSA").

1.3	For at least three years prior to the filing of this Collective Action Complaint, Defendant willfully committed widespread violations of the FLSA by failing to compensate its hourly nurses for all non-overtime hours worked and by refusing to pay its hourly nurses an overtime premium for all hours worked over forty per week.

1.4	This collective action consists of current and former hourly nurses who worked for Defendant in the three years preceding the filing of this suit whose time was illegally docked for lunches they did not take and/or who were not compensated for other off-the-clock work. To the extent Plaintiff and other hourly nurses worked more than forty hours in a week, they are owed time and one-half their regular hourly rate for all time they were worked off-the-clock. To the extent they did not work forty hours in every week, under a *quantum meruit* cause of action, they are entitled to be paid their regular hourly wage for such off-the-clock work.

## II.     JURISDICTION AND VENUE

2.1	The Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this civil action arises under the Constitution, laws, or treaties of the United States; specifically, the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*. ("FLSA"). Jurisdiction is further conferred on this Court by 29 U.S.C. § 216(b) and by the provisions of 28 U.S.C. § 1337.

2.2	The Court has personal jurisdiction over Defendant Spring Branch SNF LLC because this

entity conducts business in Texas and has entered into relationships with Plaintiff in Texas, and committed actions in Texas that give rise to this cause of action.

2.3    Venue is proper in the Southern District of Texas, Houston Division, pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to the claims herein occurred in this District.

## III.    PARTIES

**A.    Plaintiff**

3.1    Plaintiff Karen Henson-Gibson is an individual residing in Harris County, Texas. Her notice of consent is attached hereto as Exhibit A.

**B.    Defendant**

3.2    Defendant Spring Branch SNF LLC is a domestic limited liability company formed and existing under the laws of the State of Texas and maintains and operates its principal office in Texas.

3.3    Defendant Spring Branch SNF LLC was an employer of the Plaintiff as defined by 29 U.S.C. §203(d).

3.4    Defendant Spring Branch SNF LLC can be served with process by serving its registered agent for service of process, Glynn Yarbrough, P.O. Box 532, Garrison, Texas 75946.

## IV.    FLSA COVERAGE

4.1    For purposes of this action, the "relevant period" is defined as such period commencing on the date that is three years prior to the filing of Plaintiff's Original Collective Action Complaint, and continuing thereafter.

4.2    At all relevant times, Defendant Spring Branch SNF LLC had gross operating revenue in excess of $500,000.00.

4.3     At all relevant times, Defendant has been, and continues to be, an "employer" engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203.

4.4     At all relevant times, Defendant employed "employees", including Plaintiff and each of the collective class Plaintiffs, within the meaning of the FLSA, 29 U.S.C. § 203.

4.5     At all relevant times, Defendant employed two or more persons in interstate commerce.

4.6     At all relevant times, Defendant Spring Branch SNF LLC has been an "enterprise" engaged in commerce as defined in 29 U.S.C. § 203.

4.7     At all relevant times, Plaintiff and those similarly situated were individually engaged in interstate commerce or in the production of goods for commerce while performing their job duties for Defendant.

4.8     At all relevant times, Defendant has been subject to the requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*.

## V.     FACTUAL ALLEGATIONS

5.1     Defendant operates a nursing home in Houston Texas. Plaintiff and those similarly situated worked for Defendant as hourly, non-exempt nurses.

5.2     Defendant employed Plaintiff and those similarly situated during the three-year period preceding the filing of this Complaint.

5.3     Defendant maintained control, oversight, and direction over its operations, including employment practices.

5.4     Defendant maintained and exercised the power to hire, fire, and discipline Plaintiff and those similarly situated during their employment with Defendant.

5.5     Plaintiff and those similarly situated were required to comply with Defendant's policies

and procedures in performing their work during their employment with Defendant.

5.6     As a part of its operations, Defendant has employed and continues to employ nurses that are paid on an hourly basis, and who are not compensated for time spent working off-the-clock.

5.7     Though their job titles may vary, all of Defendant's hourly nurses were subjected to Defendant's policy of 1) docking their pay for lunches they did not take and/or 2) not being compensated for all other hours worked off-the-clock.

5.8     Although Plaintiff and those similarly situated generally worked more than forty hours per week, they were not paid their required overtime premiums for all hours worked over forty per week.

5.9     To the extent Plaintiffs and those similarly situated would not have exceeded forty hours in a given week even after the unlawfully docked time/off-the-clock time is added back to their timesheets, Plaintiff and those similarly situated are still owed their regular hourly wages for such time.

5.10    Defendant knew that Plaintiff and those similarly situated were working off-the-clock without compensation.

## VI.     COLLECTIVE ACTION ALLEGATIONS

6.1     Other employees have been victimized by the above described pattern, practice, and policy of Defendant that is in violation of the FLSA.  Plaintiff is aware that the illegal practice and policy of Defendant has been imposed on other hourly nurses.

6.2     Plaintiff brings this lawsuit on behalf of herself and all other persons who worked for Defendant as an hourly nurse at any time three years prior to the filing of Plaintiff's Original Collective Action Complaint, to the entry of judgment in this lawsuit ("Collective Class").

6.3      Defendant deprived Plaintiff and the Collective Class of hours worked through its

5

unlawful policies of docking pay for phantom lunches and refusing to compensate Plaintiff and the Collective Class for all other hours worked off-the-clock.

6.4     Though their job titles may vary, members of the Collective Class were all hourly, non-exempt employees subjected to Defendant's illegal scheme to deprive them of hours worked.

6.5     Plaintiff's experiences are typical of the experiences of other similarly situated employees.

6.6     Defendant's operations with respect to Plaintiff and the Collective Class and wages paid to Plaintiff and the Collective Class are substantially similar, if not identical.

6.7     Defendant's pattern of failing to pay overtime compensation as required by the FLSA results from Defendant's general application of policies and practices, and does not depend on the personal circumstances of the Plaintiff and the Collective Class. Defendant's pattern of failing to pay regular hourly non-overtime wages also results from Defendant's general application of policies and practices, and does not depend on the personal circumstances of the Plaintiff and the Collective Class.

6.8     Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

6.9     Plaintiff files this case as an "opt-in" collective action as specifically allowed by 29 U.S.C. § 216(b). Plaintiff brings these claims for relief for violations of the FLSA as a collective action pursuant to 29 U.S.C. § 216(b). Plaintiff brings these claims on her behalf and on behalf of those similarly situated who have not been fully compensated for all work performed, time spent, and activities conducted for the benefit of Defendant.

6.10    Plaintiff requests that Defendant identify all prospective members of the Collective Class in order that proper notice of their right to consent to participation in this collective action may be

distributed, including their names, dates of employment, job titles, last known addresses, email addresses and mobile telephone numbers.

6.11    Plaintiff seeks to represent those members of the above-described group who, after appropriate notice of their ability to opt into this action, have provided consent in writing to be represented by Plaintiff's counsel as required by 29 U.S.C. § 216(b).

6.12    Those individuals who choose to opt in will be listed on subsequent pleadings and copies of the written consents will be incorporated by reference.

6.13    Plaintiff will fairly and adequately represent and protect the interests of those similarly situated who opt into this action.

## VII.   CAUSES OF ACTION

### Failure to Pay Overtime

7.1    Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully set forth herein.

7.2    Plaintiff and all others similarly situated are non-exempt employees.

7.3    As non-exempt employees, Plaintiff and all others similarly situated are entitled to overtime premiums for all hours worked in excess of forty over each seven-day workweek.

7.4    During the employment of Plaintiff and all others similarly situated, they routinely worked in excess of forty hours per week.

7.5    Even though Plaintiff and all others similarly situated worked well in excess forty hours per week, Defendant has failed to pay Plaintiff and all others similarly situated for all such hours.

7.6    No exemption or justification excuses Defendant from paying Plaintiff and those similarly situated overtime premiums for hours worked over forty per week.

7.7     Defendant has failed to make a good faith effort to comply with the FLSA. Instead, Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice regarding overtime compensation.

7.8     In further violation of the FLSA, Defendant has failed to maintain accurate employee pay records, including the number of hours worked per workweek by Plaintiff and other similarly situated employees.

7.9     Plaintiff and all others similarly situated seek all unpaid overtime compensation and an additional equal amount as liquated damages, as well as reasonable attorney's fees, costs, and litigation expenses, including expert witness fees, as provided by 29 U.S.C. § 216(b), along with pre- and post-judgment interest at the highest rate allowed by law.

### *Quantum Meruit*

7.10    To the extent Plaintiff and those similarly situated worked off-the-clock in weeks where the total number of hours worked was less than forty, Defendant owes Plaintiff and those similarly situated their regular hourly wage for such hours. To be clear, Plaintiff and those similarly situated are not seeking minimum wage for these hours, nor are they seeking overtime pay for such hours. Instead, Plaintiff and those similarly situated seek their regular hourly rate under *quantum meruit* for services they provided directly to Defendant. Defendant accepted these services under such circumstances that Defendant was reasonably notified that Plaintiff and those similarly situated expected to be paid by Defendant.[1]

---

[1] Federal courts in Texas have specifically recognized that Plaintiffs can maintain common law claims to the extent that the FLSA does not address damages for non-overtime work. *Rodriguez v. Mech. Tech. Servs., Inc.*, No. A-12-CV-710 LY, 2014 WL 6603952, at *4 (W.D. Tex. Nov. 20, 2014); *Karna v. BP Corp. N. Am.*, 11 F. Supp. 3d 809, 819 (S.D. Tex. 2014), *aff'd,* 609 F. App'x 814 (5th Cir. 2015) (recognizing common law *quantum meruit* claim against employer in addition to FLSA claim). Notably, these same courts have held that such claims are not preempted by the FLSA. *Rodriguez v. Mech. Tech. Servs., Inc.*, No. A-12-CV-710 LY, 2014 WL 6603952, at *4 (W.D. Tex. Nov. 20, 2014); *Karna v. BP Corp. N. Am.*, 11 F. Supp. 3d 809, 817 (S.D. Tex. 2014), *aff'd,* 609 F. App'x 814 (5th Cir. 2015).

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiff Karen Henson-Gibson and all those similarly situated to her who have or will opt into this action, respectfully pray that this Honorable Court follow the certification procedures previously established pursuant to § 216 of the Fair Labor Standards Act and conditionally certify a collective action as described herein pending the identification of and receipt of consent from prospective members of the collective action, and that subsequent thereto Plaintiff and all others similarly situated recover the following from Defendant:

a. unpaid overtime wages for all hours worked in excess of forty hours in a workweek;

b. liquidated damages in an amount equal to their unpaid overtime wages as allowed by the FLSA;

c. Damages for all off-the-clock time worked under forty hours per week pursuant to *quantum meruit*;

d. reasonable attorney's fees, costs and expenses of this action, including expert witness costs, as provided by the FLSA;

e. pre-judgment and post-judgment interest at the highest rates allowed by law; and

f. such other and further relief, at law or in equity, as this Honorable Court deems necessary.

Respectfully submitted,


 /s/  Douglas B. Welmaker
Douglas B. Welmaker
Attorney-in-Charge
State Bar No. 00788641
DUNHAM & JONES, P.C.
1800 Guadalupe Street
Austin, Texas 78701
Tel: (512) 777-7777
Fax: (512) 340-4051
E-Mail: doug@dunhamlaw.com

ATTORNEYS FOR PLAINTIFF